UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE: VACANT REAL PROPERTY<br>18 Wiley Street, Bangor, ME 04401 |
| Susan P. Cox a/k/a Susan J. Cox<br><br>Defendant | Mortgage:<br>May 9, 2007<br>Book 10949, Page 129 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Susan P. Cox a/k/a Susan J. Cox, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, Susan P. Cox a/k/a Susan J. Cox, is the obligor and the total amount owed under the terms of the Note is ninety-six thousand and 00/100 ($96,000.00) dollars, plus attorney fees and costs

associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a national association organized under the laws of the United States of America, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Susan P. Cox a/k/a Susan J. Cox, is a resident of Bangor, County of Penobscot and State of Maine.

## FACTS

6. On April 10, 1997, by virtue of a Warranty Deed from Brian J. Cox, Personal Representative of the estate of Elma P. Cox, which is recorded in the Penobscot County Registry of Deeds in **Book 6358, Page 290**, the property situated at 18 Wiley Street, Bangor, County of Penobscot, and State of Maine, was conveyed to the Defendant, Susan P. Cox a/k/a Susan J. Cox, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On May 9, 2007, the Defendant, Susan P. Cox a/k/a Susan J. Cox, executed and delivered to Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) a certain Note in the amount of $96,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. On June 12, 2020, the Defendant, Susan P. Cox a/k/a Susan J. Cox, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

9. The Demand Letter informed the Defendant, Susan P. Cox a/k/a Susan J. Cox, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

10. The Defendant, Susan P. Cox a/k/a Susan J. Cox, failed to cure the default prior to the expiration of the Demand Letter.

11. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

12. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note. The total debt owed under the Note as of August 28, 2020 is one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, which includes Unpaid Principal Balance in the amount of eighty six thousand five hundred sixty-four and 94/100 ($86,564.94) dollars; Accrued Interest in the amount of seven thousand four hundred thirty-one and 83/100 ($7,431.83) dollars; Escrow/Impound Required in the amount of fifteen thousand twenty-six and 89/100 ($15,026.89) dollars; Late Charges Due in the amount of three hundred ninety seven and 34/100 ($397.34) dollars; Total Advances in the amount of nine thousand two hundred thirty-three and 73/100

($9,233.73) dollars.  *See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

13. Upon information and belief, the Defendant, Susan P. Cox a/k/a Susan J. Cox, is not presently in possession of the subject property originally secured by the Note.

14. Upon information and belief, and based upon information provided by the client, the subject premises is vacant.

15. The Defendant is not in the Military.  *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 15 as if fully set forth herein.

17. On May 9, 2007, the Defendant, Susan P. Cox a/k/a Susan J. Cox, executed and delivered to Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) a certain Note in the amount of $96,000.00.  *See* Exhibit B.

18. The Defendant, Susan P. Cox a/k/a Susan J. Cox, is in default for failure to properly tender the March 1, 2017 payment and all subsequent payments.  *See* Exhibit C.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Susan P. Cox a/k/a Susan J. Cox.

20. The Defendant, Susan P. Cox a/k/a Susan J. Cox, having failed to comply with the terms of the Note, is in breach of the Note.

21. The Defendant Susan P. Cox a/k/a Susan J. Cox's breach is knowing, willful, and continuing.

22. The Defendant Susan P. Cox a/k/a Susan J. Cox's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust to suffer actual damages,

including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

23. The total debt owed under the Note as of August 28, 2020 is one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, which includes Unpaid Principal Balance in the amount of eighty six thousand five hundred sixty-four and 94/100 ($86,564.94) dollars; Accrued Interest in the amount of seven thousand four hundred thirty-one and 83/100 ($7,431.83) dollars; Escrow/Impound Required in the amount of fifteen thousand twenty-six and 89/100 ($15,026.89) dollars; Late Charges Due in the amount of three hundred ninety seven and 34/100 ($397.34) dollars; Total Advances in the amount of nine thousand two hundred thirty-three and 73/100 ($9,233.73) dollars. *See* Exhibit D.

24. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. By executing, under seal, and delivering the Note, the Defendant, Susan P. Cox a/k/a Susan J. Cox, entered into a written contract with Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) who agreed to loan the amount of $96,000.00 to the Defendant. *See* Exhibit B.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.), and has performed its obligations under the Note.

28. The Defendant, Susan P. Cox a/k/a Susan J. Cox, breached the terms of the Note by failing to properly tender the March 1, 2017 payment and all subsequent payments. *See* Exhibit C.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Susan P. Cox a/k/a Susan J. Cox.

30. The Defendant, Susan P. Cox a/k/a Susan J. Cox, having failed to comply with the terms of the Note, is in breach of contract.

31. The Defendant, Susan P. Cox a/k/a Susan J. Cox, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust in the sum of one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to the Defendant.

32. Defendant Susan P. Cox a/k/a Susan J. Cox's breach is knowing, willful, and continuing.

33. Defendant Susan P. Cox a/k/a Susan J. Cox's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

34. The total debt owed under the Note as of August 28, 2020 is one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, which includes Unpaid Principal Balance in the amount of eighty six thousand five hundred sixty-four and 94/100 ($86,564.94) dollars; Accrued Interest in the amount of seven thousand four hundred thirty-one and 83/100 ($7,431.83) dollars; Escrow/Impound Required in the amount of fifteen thousand twenty-six and 89/100 ($15,026.89) dollars; Late Charges Due in the amount of three hundred ninety seven and 34/100 ($397.34) dollars; Total Advances in the amount of nine thousand two hundred thirty-three and 73/100 ($9,233.73) dollars. *See* Exhibit D.

35. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.), predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned Defendant, Susan P. Cox a/k/a Susan J. Cox, $96,000.00. *See* Exhibit B.

38. The Defendant, Susan P. Cox a/k/a Susan J. Cox, is in default for failure to properly tender the March 1, 2017 payment and all subsequent payments. *See* Exhibit C.

39. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Susan P. Cox a/k/a Susan J. Cox, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust.

40. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

41. The total debt owed under the Note as of August 28, 2020 is one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, which includes Unpaid Principal Balance in the amount of eighty six thousand five hundred sixty-four and 94/100 ($86,564.94) dollars; Accrued Interest in the amount of seven thousand four hundred thirty-one and 83/100 ($7,431.83) dollars; Escrow/Impound Required in the amount of fifteen thousand twenty-six and 89/100 ($15,026.89) dollars; Late Charges Due in the amount of three hundred ninety seven and 34/100 ($397.34) dollars; Total Advances in the amount of nine thousand two hundred thirty-three and 73/100 ($9,233.73) dollars. See Exhibit D.

## COUNT IV –UNJUST ENRICHMENT

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.), predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned the Defendant, Susan P. Cox a/k/a Susan J. Cox, $96,000.00.  *See* Exhibit B.

44. The Defendant, Susan P. Cox a/k/a Susan J. Cox, has failed to repay the loan obligation.

45. As a result, the Defendant, Susan P. Cox a/k/a Susan J. Cox, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust as successor-in-interest to Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) by having received the aforesaid benefits and money and not repaying said benefits and money.

46. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief.

47. The total debt owed under the Note as of August 28, 2020 is one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, which includes Unpaid Principal Balance in the amount of eighty six thousand five hundred sixty-four and 94/100 ($86,564.94) dollars; Accrued Interest in the amount of seven thousand four hundred thirty-one and 83/100 ($7,431.83) dollars; Escrow/Impound Required in the amount of fifteen thousand twenty-six and 89/100 ($15,026.89) dollars; Late Charges Due in the amount of three hundred ninety seven and 34/100 ($397.34) dollars; Total Advances in the amount of nine thousand two hundred thirty-three and 73/100 ($9,233.73) dollars.  See Exhibit D.

## COUNT V – EQUITABLE MORTGAGE

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. The intent of the Defendant, Susan P. Cox a/k/a Susan J. Cox, and original lender, Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.), on May 9, 2007, was to create a mortgage on the property, commonly known as and numbered as 18 Wiley Street, Bangor, ME 04401.

50. This intent is shown by the execution of a Promissory Note dated May 9, 2007 to Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) in the amount of $96,000.00.

51. The value given at the time of the transaction was $96,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendant, Susan P. Cox a/k/a Susan J. Cox, and Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) on the date of the transaction, May 9, 2007, that a mortgage be granted on the subject property.

52. The aforesaid Promissory Note, specifically references 18 Wiley Street, Bangor, ME 04401, as the "Property Address".

53. In addition to the aforesaid Promissory Note, Defendant, Susan P. Cox a/k/a Susan J. Cox, also executed a Mortgage on May 9, 2007 which particularly referenced exactly the same property address of 18 Wiley Street, Bangor, ME 04401 which was referenced on the aforesaid Promissory Note.

54. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al.  *See*, *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, 96A.3d 700 (Me.

2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.,* 175 A.3d 103, 2017 ME 230 (Me. 2017).

55. This defect is not related to the original execution of the documents, nor the intent of the Defendant, Susan P. Cox a/k/a Susan J. Cox, and Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.), but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

56. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its' progeny; *See Deschaine, Fn. 2, Fn 4; Pushard Fn 14*.

57. It was the intent of the Defendant, Susan P. Cox a/k/a Susan J. Cox, and Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

58. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the owner and holder of the subject Promissory Note.

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

60. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock,* 127 Me. 452, 144 A.383, 386 (Me. 1929).

61. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

62. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

63. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

64. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A.2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Find that the Defendant, Susan P. Cox a/k/a Susan J. Cox, is in breach of the Note by failing to make payment due as of March 1, 2017, and all subsequent payments;

b) Find that the Defendant, Susan P. Cox a/k/a Susan J. Cox, entered into a contract for a sum certain in exchange for a loan;

c) Find that it was the intent of the Defendant, Susan P. Cox a/k/a Susan J. Cox, and the original lender, Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.), on May 9, 2007 to create a mortgage on the property commonly known as and numbered as 18 Wiley Street, Bangor, ME 04401;

d) Impose an equitable mortgage upon the property commonly known as and numbered as 18 Wiley Street, Bangor, ME 04401 for the benefit of the Plaintiff who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

e) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. § 6322;

f) Find that the Defendant, Susan P. Cox a/k/a Susan J. Cox, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due March 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to enforce the terms and conditions of the Note;

h) Find that by virtue of the money retained by the Defendant, Susan P. Cox a/k/a Susan J. Cox has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to restitution;

j) Find that the Defendant, Susan P. Cox a/k/a Susan J. Cox, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, for money had and received;

k) Find that the Defendant, Susan P. Cox a/k/a Susan J. Cox, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Susan P. Cox a/k/a Susan J. Cox, has appreciated and retained the benefit of the Note and the subject property;

m) Find that it would be inequitable for the Defendant, Susan P. Cox a/k/a Susan J. Cox, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Susan P. Cox a/k/a Susan J. Cox;

o) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Susan P. Cox a/k/a Susan J. Cox, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in the amount of one hundred eighteen thousand six hundred fifty-four and 73/100 ($118,654.73) dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust,
By its attorneys,

Dated: September 3, 2020

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com